[Cite as *State v. Zaffino*, 2012-Ohio-1176.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JOHN F. ZAFFINO

    Appellant

C.A. No.     26056

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 02 09 2788

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

CARR, Judge.

{¶1} Appellant, John F. Zaffino, appeals the decision of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On October 7, 2002, John Zaffino was indicted one count of aggravated murder and one count of murder, with gun specifications on each count. The matter proceeded to trial before a jury. The jury subsequently found Zaffino guilty of aggravated murder with a gun specification. The second count of the indictment was dismissed. Zaffino was sentenced to a term of life imprisonment for aggravated murder and three years for possession of a firearm, to be served consecutively.

{¶3} Zaffino filed a timely appeal to this court and raised five assignments of error. On December 31, 2003, this Court affirmed the trial court's judgment. *State v. Zaffino*, 9th Dist. No. 21514, 2003-Ohio-7202.

{¶4} On June 16, 2011, Zaffino filed a pro se motion to vacate his sentence. The State filed a response and Zaffino replied thereto. On July 1, 2011, the trial court issued an order denying Zaffino's motion. Zaffino filed a notice of appeal on August 1, 2011. On appeal, Zaffino raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE APPELLANT'S SENTENCE IS ALSO VOID BECAUSE THERE REMAINS A PENDING CHARGE IN THE MATTER AT HAND - A GUN SPECIFICATION – WHICH HAS YET TO BE ADDRESSED BY THE TRIAL COURT OR ANY COURT.

{¶5} In his first assignment of error, Zaffino argues that there remains an outstanding charge against him. This Court disagrees.

{¶6} In support of his assignment of error, Zaffino contends that there is a gun specification pending against him that has not been addressed by the trial court. Zaffino cites to several of this Court's decisions for the proposition that the trial court's failure to dispose of all of the charges in the indictment renders the judgment non-final.

{¶7} In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus, the Supreme Court of Ohio held that in order to constitute a final, appealable order, a judgment of conviction must set forth the plea, the verdict, or findings upon which the conviction is based; the sentence; the signature of the judge; and entry on the journal by the clerk of court. In *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, the Supreme Court clarified its holding in *Baker*. Specifically, the Supreme Court held that in order for a sentencing entry to be final, it must contain "a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not

guilty findings." *Davis* at ¶ 2. This Court has interpreted *Baker* "to mean that a journal entry that does not contain reference to counts that were *dismissed* or upon which the defendant was *acquitted*, does not render the journal entry invalid for lack of a final, appealable order." *State v. Smead*, 9th Dist. No. 24903, 2010-Ohio-4462, at ¶ 10. The Supreme Court has further held that "a firearm specification is a penalty enhancement, not a criminal offense." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, paragraph one of the syllabus.

{¶8} In this case, there are no outstanding charges pending against Zaffino. As noted above, the Summit County Grand Jury returned a two-count indictment against Zaffino. In count one, Zaffino was charged with aggravated murder. In count two, Zaffino was charged with murder. Both count one and count two contained firearm specifications. On March 13, 2003, after the jury returned its verdict but prior to sentencing, the trial court issued a journal entry indicating that Zaffino had been convicted by the jury of aggravated murder, along with the related gun specification, as contained in count one of the indictment. The trial court further ordered "that Count two of the Indictment be hereby DISMISSED." The trial court subsequently issued its sentencing entry on March 21, 2003. While the trial court's dismissal order did not specifically mention the specification to count two of the indictment, the dismissal order was sufficient to dispose of both the murder charge as well as the related specification in count two of the indictment. As the gun specification was a sentencing enhancement and not a criminal offense, it did not exist as an outstanding charge once the underlying offense was dismissed. *Ford* at paragraph one of the syllabus. Accordingly, because the record before us reveals that the trial court resolved all of the charges against Zaffino, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE APPELLANT MUST BE RESENTENCED BECAUSE THE TRIAL COURT IMPROPERLY INFORMED HIM THAT UPON RELEASE FROM PRISON, HE WOULD BE SUBJECT TO POST RELEASE CONTROL AND FAILED TO PROPERLY INFORM HIM ABOUT PAROLE.

{¶9} In his second assignment of error, Zaffino argues that he must be resentenced because the trial court improperly informed him that he would subject to post-release control and failed to properly inform him about parole. This Court disagrees.

{¶10} In its sentencing entry, the trial court notified Zaffino that he would be eligible for parole after serving 23 years in prison. Specifically, the trial court ordered that Zaffino be sentenced to prison "for an actual Three (3) Year mandatory sentence for possession of a firearm, to be served prior to and consecutive with a definite term of LIFE, with parole eligibility after 23 years * * * for punishment of the crime of AGGRAVATED MURDER [], a Special Felony[.]" Inexplicably, however, the trial court further stated that "the Defendant is ordered subject to post-release control to the extent the parole board may determine as provided by law."

{¶11} The Supreme Court of Ohio has held that "the erroneous inclusion of postrelease control in [an] original sentencing entry constitute[s] mere error for which [defendant] had an adequate remedy in the ordinary course of law by way of appeal." *Davis* at ¶ 2. Under previous circumstances where a trial court included a discussion of post-release control in its journal entry when sentencing an offender for a special felony, this Court held that while an erroneous discussion of post-release control in a sentencing entry was inappropriate, it did not render an offender's sentence void. *State v, Gordon*, 9th Dist. No. 25370, 2010-Ohio-6308, at ¶ 7. In this case, neither party disputes that Zaffino is not subject to post-release control upon his release from prison because he was convicted of a special felony. Nevertheless, the trial court stated that Zaffino was "subject to post-release control to the extent the parole board may determine as

provided by law." As the law does not provide for the imposition of post-release control for the special felony of aggravated murder, the sentencing entry did not impose a term of post-release control. Moreover, to the extent that the erroneous discussion of post-release control in the sentencing entry constituted error, Zaffino had an adequate remedy in the ordinary course of law by way of appeal. *Davis* at ¶ 2. As Zaffino did not raise this issue on direct appeal, he is now barred from raising it in a subsequent action under the doctrine of res judicata. *State v. Barclay*, 9th Dist. No. 25646, 2011-Ohio-4770 at ¶ 11.

**{¶12}** Zaffino's second assignment of error is overruled.

III.

**{¶13}** Zaffino's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS

BELFANCE, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.