[Cite as *State v. Brown*, 2012-Ohio-5484.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     26427 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TOBY DEE BROWN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 96 08 2041(A) |

DECISION AND JOURNAL ENTRY

Dated: November 28, 2012

CARR, Judge.

{¶1}    Appellant, Toby Brown, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    This case stems from the murder of Julius Ricky Norman on August 5, 1996.  The substantive facts of the incident are set out in our decision resolving Brown's direct appeal. *State v. Brown*, 9th Dist. No. 18766, 1998 WL 696770 (Oct. 7, 1998).

{¶3}    After a trial in 1997, a jury found Brown guilty of aggravated murder with attendant firearm and death specifications; two counts of aggravated robbery with firearm specifications; one count of aggravated burglary with a firearm specification; one count of tampering with evidence; and failure to comply with the order or signal of a police officer.  The jury recommended a sentence of life in prison with parole eligibility after thirty years.  The trial court followed the jury's recommendation and sentenced Brown to a life-term.

{¶4} Brown filed a timely notice of appeal and raised three assignments of error. This Court reversed the jury's finding that Brown was the principal offender. *Brown*, 1998 WL 696770. On remand, the trial court resentenced Brown and issued a new sentencing entry on February 3, 1999.

{¶5} More than ten years later, in July 2009, Brown moved for a resentencing hearing on the basis that he had not been properly notified of post-release control. The trial court conducted a new sentencing hearing and issued a new sentencing entry on October 27, 2009. Brown filed an appeal to this Court and raised five assignments of error. We concluded that we did not have authority to review Brown's first two assignments of error because he asked this Court to review our own orders relating to the application of App.R. 9. *State v. Brown*, 9th Dist. No. 25077, 2010-Ohio-4453, ¶ 10. While this Court overruled Brown's third and fourth assignments of error, we sustained his fifth assignment of error on the basis that he could not have been convicted of failing to comply with the order or signal of a police officer as a felony of the fourth degree because the verdict form did not include either the degree of the offense or the aggravating element. *Id.* at ¶ 19, *but see id.* at ¶ 23 (Carr, J., dissenting) (noting that Brown had an opportunity to raise challenges to his underling convictions in his direct appeal). Thus, this Court held that Brown's fourth-degree felony conviction must be vacated and, upon remand, Brown could only be convicted of a first-degree misdemeanor with respect to that offense. *Id.* at ¶ 19.

{¶6} Brown was subsequently resentenced and the trial court issued a new sentencing entry on August 15, 2011. On March 9, 2012, Brown filed a pro se motion to correct illegal sentence. The State responded in opposition on March 20, 2012. The trial court issued a journal entry denying the order on April 6, 2012.

{¶7}   Brown filed a timely notice of appeal and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE DEFENDANT WAS DENIED HIS UNITED STATES CONSTITUTION RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS WHEN THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUPPORT THE DEFENDANT'S SENTENCE AND CONVICTION FOR THE CHARGE OF AGGRAVATED MURDER.

{¶8}   In his assignment of error, Brown argues that the State did not produce sufficient evidence to support a conviction and sentence for aggravated murder.  In his merit brief, Brown also raises several issues relating to his sentence.

{¶9}   In *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus, the Supreme Court of Ohio articulated the parameters of the doctrine of res judicata:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, *or on an appeal from that judgment*.

(Emphasis added.)

{¶10}   This Court has recognized that, by the plain language of *Perry*, "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal."  *State v. Widman*, 9th Dist. No. 00CA007681, 2001 WL 519493 (May 16, 2001).

{¶11}   The issues Brown has raised in the instant appeal are barred under the doctrine of res judicata.  Brown's direct appeal to this Court in 1997 ultimately resulted in resentencing, and the trial court issued a new sentencing entry on February 3, 1999.  Ten years later, Brown moved for resentencing on the basis that his sentence was void due to an error in the imposition of post-

release control. After the trial court resentenced Brown, he filed another appeal to this Court. As the Supreme Court had yet to issue its post-release control decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, this Court considered various issues relating to Brown's underlying convictions. We affirmed the trial court's judgment in part, but held that Brown should not have been convicted of the felony charge of failing to comply with the order or signal of a police officer due to an omission in the verdict form. *Brown*, 2010-Ohio-4453, ¶ 19. Upon remand, Brown was resentenced and a new sentencing entry was issued on August 15, 2011. While Brown did not file a notice of appeal from the August 15, 2011 sentencing entry, he now attempts to raise challenges to his underlying conviction and sentence. The doctrine of res judicata procedurally bars convicted defendants from relitigating matters which were, or could have been, properly litigated on direct appeal. *See Widman*. The record reveals that Brown has had multiple opportunities to challenge the merits of his convictions. Moreover, Brown declined to file a notice of appeal from the sentencing entry issued on August 15, 2011. Thus, as Brown now attempts to raise issues that could have been raised in a previous appeal of right, he is procedurally barred from relitigating those issues in a subsequent action. *Perry*, 10 Ohio St.2d at paragraph nine of the syllabus.

{¶12} Brown's sole assignment of error is overruled.

III.

{¶13} Brown's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

TOBY DEE BROWN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.