[Cite as *State v. Hairston*, 2013-Ohio-4634.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

  Appellee

  v.

SAM HAIRSTON, III

  Appellant

C.A. No.  12CA010307

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.  02CR061788

DECISION AND JOURNAL ENTRY

Dated: October 21, 2013

CARR, Judge.

{¶ 1}  Appellant, Sam Hairston, appeals from an order of the Lorain County Court of Common Pleas that denied his motion to resentence him.  This Court affirms.

I.

{¶ 2}  This is Hairston's second appeal involving his conviction for aggravated murder. In his first appeal, this Court affirmed his conviction.  *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925.  Hairston's charges arose from an early-morning drug deal.  *Id.* at ¶ 3.  During the course of the events that morning, two people were killed.  *Id.* at ¶ 4. Following a jury trial, Hairston was found guilty of count two, aggravated murder with a firearm specification, and count three, aggravated murder with a firearm specification.  The jury also found a capital specification for count two but, after a mitigation hearing, the jury recommended a sentence of life imprisonment with parole eligibility after 30 years.  *Id.* at ¶ 5.

**{¶ 3}** The trial court merged count three into count two. It sentenced Hairston to 30 years in prison on count two and an additional three years, consecutive, for the gun specification. This Court affirmed the conviction on direct appeal.

**{¶ 4}** Several years after this Court affirmed, Hairston moved for resentencing, arguing that the trial court's attempt to sentence him resulted in a non-final and void order. The trial court denied the motion. Hairston has appealed to this Court and asserted two assignments of error.

II.

<u>ASSIGNMENT OF ERROR I</u>

WHETHER THE FAILURE TO IMPOSE A SENTENCE WITH RESPECT TO EACH COUNT TO WHICH APPELLANT HAD BEEN CONVICTED OFFENDS DUE PROCESS, RESULTS[S] IN A JUDGMENT WHICH IS "CONTRARY TO LAW," AND CANNOT CONSTITUTE A FINAL APPEALABLE ORDER AS DEFINED IN: CRIM.R. 32(B) * * *.

**{¶ 5}** In his first assignment of error, Hairston argues that the trial court failed to enter a final order because it did not sentence him on one count of aggravated murder. This Court disagrees.

**{¶ 6}** Hairston has presented a simple argument on appeal: the trial court erred because it did not impose a sentence on count three. He contends that the trial court was required to sentence him on count two *and* count three and, after it sentenced him on both counts, it could merge count three into count two because they were allied offenses of similar import. The Ohio Supreme Court has rejected this position.

**{¶ 7}** The allied offense statute "clearly provides that there may be only *one conviction* for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense." (Emphasis sic.) *State v.*

*Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 26. A trial court is prohibited from imposing sentences on each count that constitutes allied offenses. *Id.* Put another way, a "defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 17.

{¶ 8} Because the trial court properly merged count three into count two, and imposed sentence on only one offense, the trial court's judgment of conviction was a final judgment. The trial court did not err in denying the motion for resentencing. The first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR II</u>

WHETHER THE TRIAL COURT'S RELIANCE ON O.R.C. § 2929.14(E) IN IMPOSING "CONSECUTIVE" SENTENCES RENDERED THE ATTEMPTED SENTENCE A MERE NULLITY AND VOID AS DISTINGUISHED IN: STATE V. FOSTER, 109 OHIO ST.3d 1, 845 N.E.2d 470. * * *

{¶ 9} In his second assignment of error, Hairston argues that the trial court erred when it imposed the three-year sentence on the gun specification because it relied on R.C. 2929.14(E) instead of another statutory provision that would have authorized the imposition of the sentence. This argument is barred by res judicata.

{¶ 10} Res judicata bars convicted defendants from relitigating matters which were, or could have been, raised on direct appeal. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, at ¶ 59; *State v. Brown*, 9th Dist. Summit No. 26427, 2012-Ohio-5484, ¶ 10. Hairston appealed his judgment of conviction, but did not raise this claim on appeal. He is now barred by res judicata from further pursuing this claim.

{¶ 11} Finally, Hairston also alleged a post-release control error in his original sentence to further support his argument for resentencing. This claim, which was not assigned as error, is likewise barred by res judicata. *State v. Zaffino*, 9th Dist. Summit No. 26056, 2012-Ohio-1176.

### III.

{¶ 12} Hairston's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SAM HAIRSTON, III, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.