[Cite as *State v. Mullen*, 2017-Ohio-7234.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28453 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL W. MULLEN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2006 10 3634 (A) |

DECISION AND JOURNAL ENTRY

Dated: August 16, 2017

CALLAHAN, Judge.

{¶1} Michael W. Mullen appeals from the judgment of the Summit County Court of Common Pleas that denied his motion for a new sentencing hearing. This Court affirms.

I.

{¶2} In 2007, Mr. Mullen pled guilty to aggravated robbery, kidnapping, and involuntary manslaughter with a firearm specification. The trial court sentenced him to the following prison terms: ten years for aggravated robbery, ten years for kidnapping, five years for involuntary manslaughter, and three years for the firearm specification. The court ordered the sentences for aggravated robbery and kidnapping to be served concurrently and the remaining sentences to be served consecutively resulting in a total prison term of eighteen years. The trial court's sentencing entry was filed on April 11, 2007. Mr. Mullen did not file a direct appeal.

{¶3} On October 19, 2016, Mr. Mullen filed a "Motion for New Sentencing Hearing Pursuant to Sentence Contrary to Law." The State opposed his motion. The trial court denied

Mr. Mullen's motion. Mr. Mullen appeals that denial raising two assignments of error, which this Court addresses together.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT FAILED TO MAKE THE STATUTORILY MANDATED SENTENCING PROVISIONS PURSUANT TO R.C. 2929.14(B) & FORMER R.C. 2929.14(E) NOW (C).

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT IGNORED REASONABLENESS, PROPORTIONALITY, AND CONSISTENCY BASIC PRINCIPLES NECESSARY TO ACHIEVE PURSUANT TO REVISED CODE 2929.11(B).

{¶4} In his first assignment of error, Mr. Mullen contends that the trial court failed to comply with R.C. 2929.14 when sentencing him to non-minimum, consecutive sentences. In his second assignment of error, Mr. Mullen contends that the trial court failed to comply with R.C. 2929.11(B) when sentencing him. This Court does not reach the merits of Mr. Mullen's arguments as they are barred by res judicata.

{¶5} "Res judicata bars convicted defendants from relitigating matters which were, or could have been, raised on direct appeal." *State v. Hairston*, 9th Dist. Lorain No. 12CA010307, 2013-Ohio-4634, ¶ 10. "The Ohio Supreme Court has held that most challenges to a trial court's compliance with * * * sentencing statutes 'must * * * be presented in a timely direct appeal under R.C. 2953.08.'" *State v. Singfield*, 9th Dist. Summit No. 27680, 2015-Ohio-2841, ¶ 8, quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8. This includes "challenges to a trial court's compliance with R.C. 2929.11" and "whether sentences must be served concurrently or consecutively." *Holdcroft* at ¶ 8. In the absence of a timely appeal, res judicata bars such sentencing challenges. *Id*. at ¶ 9.

**{¶6}** Mr. Mullen was sentenced in 2007. He alleges that errors occurred when he was sentenced. Yet, he did not directly appeal from his sentence. Rather, he attempted to challenge it collaterally by filing a motion for resentencing in the trial court nine years after his original sentence had been imposed. As such, Mr. Mullen's challenge to his sentence is untimely and barred by res judicata.

**{¶7}** Mr. Mullen's assignments of error are overruled.

### III.

**{¶8}** Mr. Mullen's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

4

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶9} I concur in judgment only because I would analyze this matter as an untimely

petition for post-conviction relief.


APPEARANCES:

MICHAEL W. MULLEN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant
Prosecuting Attorney, for Appellee.