[Cite as *State v. Price*, 2014-Ohio-4065.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-1085 |
| | | (C.P.C. No. 12CR-4513) |
| v. | : | and |
| | | No. 13AP-1086 |
| Joshua L. Price, | : | (C.P.C. No. 13CR-3719) |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on September 18, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*William T. Cramer*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Joshua L. Price, appeals the sentence imposed upon him by the Franklin County Court of Common Pleas following his convictions for multiple felonies. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} These cases stem from three different robberies on two different dates at Noodles & Company, Chipotle, and Red Skye Wireless. As a result of these incidents, appellant was indicted under two case numbers for 35 felonies, including aggravated robbery, robbery, aggravated burglary, attempted aggravated burglary, and kidnapping, each charge with a firearm specification pursuant to R.C. 2941.145. In case No. 12CR-4513, pertaining to the robberies at Noodles & Company and Chipotle, appellant pled

guilty to eight counts of aggravated robbery and one count of attempted aggravated burglary, each with a three-year firearm specification. In case No. 13CR-3719, pertaining to the robbery at Red Skye Wireless, appellant pled guilty to one count of aggravated robbery without a firearm specification. The trial court accepted appellant's guilty pleas. A nolle prosequi was entered as to the remaining charges and specifications.

{¶ 3} The trial court sentenced appellant to 22 years of incarceration. Of that time, 12 years represented 4, 3-year firearm specification sentences imposed consecutively. Two of those firearm specifications stemmed from the aggravated robbery and attempted aggravated burglary at Noodles & Company, and the other two firearm specifications stemmed from two counts of aggravated robbery at Chipotle.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant presents us with one assignment of error to review:

> The trial court violated R.C. 2929.14(B)(1)(b) by imposing multiple firearm-use specifications where the firearm was only used in a single act or transaction.

## III. DISCUSSION

{¶ 5} Under appellant's sole assignment of error, he argues the trial court erred by sentencing him to serve four, three-year prison terms consecutively for firearm specifications. Appellant acknowledges that the robberies at Noodles & Company and Chipotle were separate events. He argues, pursuant to R.C. 2929.14(B)(1)(b), the trial court was only authorized to impose one, three-year prison term for the firearm specifications stemming from each robbery, resulting in a total of two, three-year prison terms that could be imposed consecutively. We disagree.

{¶ 6} We review felony sentences to determine whether clear and convincing evidence establishes that the sentence is contrary to law. *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 8, citing *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, ¶ 19-21, citing *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19; *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 15. "A sentence is contrary to law when the trial court failed to apply the appropriate statutory guidelines." *Ayers* at ¶ 8, citing *Burton* at ¶ 19.

{¶ 7}   Furthermore, appellant did not object to his sentence before the trial court; thus, he has waived all but plain error.  *See* Crim.R. 52(B); *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 8.  Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."   In order to constitute plain error, an error "must be obvious on the record, palpable, and fundamental such that it should have been apparent to the trial court without objection." *State v. Gullick*, 10th Dist. No. 13AP-26, 2013-Ohio-3342, ¶ 3, citing *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995).  We notice plain error " ' "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." ' "  *State v. Noor*, 10th Dist. No. 13AP-165, 2014-Ohio-3397, ¶ 56, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 8}   Appellant's argument is based entirely on R.C. 2929.14(B)(1)(b).   He neglects, however, to acknowledge the exception within that provision directing him to R.C. 2929.14(B)(1)(g).  *See State v. Lewis*, 11th Dist. No. 2012-L-074, 2013-Ohio-3974, ¶ 102 ("As to the imposition of multiple three-year terms for firearm specifications, R.C. 2929.14(B)(1)(b) generally states that multiple terms are not permissible when the underlying felonies were "committed as part of the same act or transaction."  However, R.C. 2929.14(B)(1)(b) also expressly provides that an exception to the foregoing general rule is set forth in division (B)(1)(g) of the statute.").

{¶ 9}   R.C. 2929.14(B)(1) states in relevant part:

> (a) Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:
>
> * * *
>
> (ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm,

brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;

* * *

(b) If a court imposes a prison term on an offender under division (B)(1)(a) of this section, the prison term shall not be reduced pursuant to section 2967.19, section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. *Except as provided in division (B)(1)(g) of this section*, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction.

* * *

(g) If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies [is] * * * aggravated robbery * * *, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, *the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty* and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

 (Emphasis added).

{¶ 10} In this case, appellant pled guilty to nine felonies committed as part of two separate incidents. Appellant pled guilty to aggravated robbery and attempted aggravated burglary along with two firearm specifications in connection with the Noodles & Company robbery. As it pertains to the Chipotle robbery, appellant pled guilty to seven counts of aggravated robbery with seven firearm specifications.

{¶ 11} Each incident resulted in appellant pleading guilty to two or more felonies, one of which was aggravated robbery, and the firearm specifications were of the type listed in R.C. 2929.14(B)(1)(a). Accordingly, R.C. 2929.14(B)(1)(g) required the trial court to impose on appellant a prison term for each of the "two most serious specifications" to

which appellant pled guilty. *See State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 82, citing *State v. Isreal*, 12th Dist. No. CA2011-11-115, 2012-Ohio-4876, ¶ 71. All of the firearm specifications appellant pled guilty to required three-year prison terms pursuant to R.C. 2929.14(B)(1)(a)(ii). Therefore, the trial court was required by statute to impose at least two, three-year prison terms for the firearm specifications attendant to appellant's crimes committed at both Noodles & Company and Chipotle. *See State v. Dennison*, 10th Dist. No. 12AP-718, 2013-Ohio-5535, ¶ 88-89, citing *Lewis* at ¶ 100-04, and *State v. Carson*, 10th Dist. No. 11AP-809, 2012-Ohio-4501, ¶ 8-11; *State v. Taylor*, 10th Dist. No. 12AP-870, 2013-Ohio-3699, ¶ 55. Furthermore, we note R.C. 2929.14(B)(1)(g) conferred upon the trial court discretionary authority to impose additional prison terms for appellant's remaining firearm specifications, which the trial court chose not to do. *Isreal* at ¶ 71, citing *State v. Cassano*, 8th Dist. No. 97228, 2012-Ohio-4047, ¶ 34; *State v. Clay*, 4th Dist. No. 11CA23, 2013-Ohio-4649, ¶ 72.

{¶ 12} Finally, we note appellant does not challenge the portion of his sentence stemming from the Red Skye Wireless store robbery in case No. 13CR-3719 because he did not plead guilty to a firearm specification in that case. Appellant's conviction and sentence in case No. 13CR-3719 need not be addressed since his assigned error only pertains to his sentence for firearm specifications.

{¶ 13} The portion of appellant's sentence requiring him to serve four, three-year prison terms for firearm specifications in case No. 12CR-4513 is not contrary to law. We notice no plain error. Appellant's single assignment of error is overruled.

**IV. CONCLUSION**

{¶ 14} Having overruled appellant's single assignment of error, the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

CONNOR and DORRIAN, JJ., concur.

---