[Cite as *State v. Berecz*, 2017-Ohio-266.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 16CA15 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| JASON A. BERECZ, | : | **RELEASED: 1/17/17** |
| Defendant-Appellant. | : | |

<u>APPEARANCES</u>:

Jason A. Berecz, Chillicothe, Ohio, pro se appellant.

Kevin A. Rings, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for appellee.

Harsha, J.

{¶1}  Jason A. Berecz appeals from a judgment denying his postconviction motion to correct his sentence. Berecz filed the motion after he had previously appealed his conviction and sentence, and had contested his sentence in a prior motion to correct his sentence.  He asserts that the trial court erred and abused its discretion by denying his successive motion without an evidentiary hearing.

{¶2}  We reject Berecz's assertion because res judicata barred his nonconstitutional claims that the trial court erred by failing to make the required findings to impose consecutive and mandatory terms, and by failing to advise him of his right to appeal his sentence.  And insofar as Berecz's motion raised constitutional issues, it should have been considered to be a time-barred petition for postconviction relief that the trial court lacked jurisdiction to address.  Consequently, we overrule his assignment of error and affirm the judgment of the trial court, as modified, to reflect the dismissal of his constitutional claims.

I. FACTS

**{¶3}** The Washington County Grand Jury indicted Berecz on 17 counts stemming from an incident in which he shot at and nearly killed a police officer, who was responding to a report of a domestic disturbance at his home, and two persons who were driving by his home. A jury convicted Berecz of one count of attempted murder, five counts of felonious assault, two counts of discharging a firearm on or near a prohibited premises, and several other crimes. He received a lengthy prison sentence in November 2008.

**{¶4}** On appeal Berecz's counsel contested his convictions and sentence. In two assignments of error he claimed that the trial court erred in imposing consecutive sentences for the firearm and peace-officer specifications for his attempted murder charge, and in imposing an excessive prison term of 38 years. We sustained one of these assignments of error by holding that the trial court erred in sentencing Berecz to prison terms for both the firearm and peace-officer specifications attached to his attempted murder conviction. *State v. Berecz*, 4th Dist. Washington No. 08CA48, 2010-Ohio-285, ¶ 60-64, 74. We rejected Berecz's remaining assignment of error, which claimed that the trial court erred "in imposing numerous, consecutive prison terms in this case," and that his sentence was excessive. We held that there was "no legal error in the court[']s imposition of consecutive sentences, whether they are of the discretionary or mandatory type" and that "[h]is sentence was not contrary to law, was commensurate with the seriousness of his crime, and was within the trial court's discretion." *Id.* at ¶ 66, 71. We thus affirmed the remaining portion of the trial court's sentence. *Id.* at ¶ 74.

**{¶5}** On remand the trial court corrected the sentence by imposing a prison term for only the peace-officer specification, which reduced his aggregate sentence to

35 years.  The court informed Berecz both orally and in its sentencing entry that he would be subject to mandatory post-release control.  We affirmed the trial court's resentencing entry.  *State v. Berecz*, 4th Dist. Washington No. 10CA12, 2010-Ohio-5855.

{¶6}    In 2012, Berecz filed an unsuccessful pro se motion for fact finding and to merge allied offenses.

{¶7}    In 2015, Berecz filed a pro se "motion to correct void sentence," claiming that the trial court failed to properly dispose of certain of the charges.  After Berecz appealed the denial of his motion, we denied his motion for delayed appeal and dismissed the appeal as untimely, noting that his sentence "has been reviewed twice already by this Court," that he could have raised his claims in his direct appeal, and that most sentencing errors are barred by res judicata when they could have been raised on direct appeal.  *State v. Berecz*, 4th Dist. Washington No. 15CA36 (Nov. 13, 2015).

{¶8}    Finally, in April 2016, Berecz filed a pro se "verified motion to correct sentence," arguing that his sentence was void because the trial court's original and amended sentencing entries failed to notify him of his right to appeal his sentence, and failed to include the statutorily required language to impose consecutive and mandatory sentences.  He also contended that although his motion should not be construed to be a petition for postconviction relief, he was denied his constitutional rights to due process and the effective assistance of counsel.  The trial court denied the motion.

## II. ASSIGNMENT OF ERROR

{¶9}    Berecz assigns the following error for our review:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY
DENYING DEFENDANT'S CLEARLY DEFINED AND SUPPORTED
VERIFIED MOTION TO CORRECT SENTENCE, WITHOUT HOLDING

AN EVIDENTIARY HEARING; WHERE HIS SENTENCE AND SENTENCING ENTRIES PRESENT PLAIN ERRORS AND DEFECTS, AFFECTING SUBSTANTIAL RIGHTS; SPECIFICALLY, DEFENDANT'S LIBERTY INTERESTS, WHICH ALLOWS THIS MOTION TO BE BROUGHT AT ANY TIME, NOTICED AND CORRECTED BY SENTENCING COURT; AND IS NOT BARRED BY ANY CONCEPT OF WAIVER, DEFAULT OR RES JUDICATA.

## III. STANDARD OF REVIEW

**{¶10}** Berecz was convicted of both felony and misdemeanor offenses.

**{¶11}** When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence or may vacate the sentence and remand the matter to the sentencing court if it clearly and convincingly finds either "[t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "[t]hat the sentence is otherwise contrary to law." *See State v. Mullins*, 4th Dist. Scioto No. 15CA3716, 2016-Ohio-5486, ¶ 25.

**{¶12}** " 'We review a misdemeanor sentence for an abuse of discretion.' " *State v. Williams*, 4th Dist. Jackson No. 15CA3, 2016-Ohio-733, ¶ 17, quoting *State v. Marcum*, 2013-Ohio-2447, 994 N.E.2d 1, ¶ 22 (4th Dist.2013). " 'A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary.' " *State v. Keenan*, 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶ 7, quoting *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

## IV. LAW AND ANALYSIS

### A. Nonconstitutional Claims

{¶13} In his sole assignment of error Berecz asserts that the trial court erred and abused its discretion by denying his motion to correct his sentence. In response the state claims that res judicata barred Berecz's claims because he either raised them or could have raised them in his prior direct appeal.

{¶14} " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or on appeal from that judgment.' " *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28. " 'Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised.' " *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.).

{¶15} Berecz claims that res judicata does not bar the claims in his motion to correct his sentence because his sentence was contrary to law. In effect, Berecz contends that his sentence is void. " 'In general, a void judgment is one that had been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.' " *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. In general, "sentencing errors are not jurisdictional and do not render a judgment

void." *Id.* at ¶ 7. But the Supreme Court of Ohio has at times held that "a sentence that is not in accordance with statutorily mandated terms is void," which "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at ¶ 8 and paragraph one of the syllabus.

{¶16}  In *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, at ¶ 8, the Supreme Court of Ohio emphasized that the language in *Fischer* noting the inapplicability of res judicata, "does not apply to most sentencing challenges" and instead applied "only in a limited class of cases—all three cases to which we have applied the *Fischer* rule have in common the crucial feature of a void *sanction.*" (Emphasis added.)

{¶17}  Berecz raised a claim that his sentence was excessive and generally challenged the imposition of consecutive sentences in his direct appeal. But he did not raise the specific claims that are the subject of this motion to correct his sentence, even though he could have at that time.

{¶18}  Courts that have addressed these issues have held that a claim that a trial court erred in imposing consecutive sentences is barred by res judicata when it either was raised or could have been raised in a direct appeal. *See, e.g., State v. Wofford*, 5th Dist. Stark No. 2016CA00087, 2016-Ohio-4628, ¶ 21-23; *State v. Bowshier*, 2d Dist. Clark No. 2015-CA-53, 2016-Ohio-1416, ¶ 16. These courts relied on the Tenth District's decision in *State v. Chapin*, 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, at ¶ 9, where the court held:

> We note that, in his motion for resentencing, appellant argued before the trial court that the sentencing court's failure to make the requisite findings under R.C. 2929.14(C)(4) rendered his sentence void. However, "[t]he Ohio Supreme Court has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the

consecutive sentencing statute." *State v. Sanders*, 9th Dist. No. 27189,
2014–Ohio–5115, ¶ 5, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013–
Ohio–5014, ¶ 8 (noting that challenges to a sentencing court's judgment
as to whether sentences must be served concurrently or consecutively
must be presented in a timely direct appeal). Thus, because the trial
court's "alleged failure to comply with the consecutive sentencing statute
does not render [the] sentence void, res judicata applies." *Id.* at ¶ 6.

**{¶19}** Similarly, we have held that successful challenges to the imposition of

consecutive sentences do not render the sentence void and are thus barred by res

judicata. *See, e.g., State v. Pippen*, 4th Dist. Scioto No. 16CA3727, 2016-Ohio-7105, ¶

20, quoting *State v. Butcher*, 4th Dist. Meigs No. 14CA7, 2015-Ohio-4249, ¶ 27 ("even if

we found an error related to the imposition of the consecutive sentences in this case,

this Court has previously noted that 'the Supreme Court of Ohio [in *Holdcroft*] has

declined to find sentences void based on the court's failure to comply with certain

sentencing statutes, including the consecutive sentencing statute' "); *In re A.M.*, 4th

Dist. Athens No. 14CA49, 2015-Ohio-5610, ¶ 13, quoting *Holdcroft* at ¶ 8 ("*res judicata*

still bars 'most sentencing challenges,' such as whether a trial court complied with R.C.

2929.11 and 2929.12, whether a trial court should have merged offenses, and whether

a trial court properly imposed consecutive sentences").

**{¶20}** Because Berecz either raised or could have raised them in his prior direct

appeal, we agree that res judicata barred Berecz's statutory sentencing claims, which

even if meritorious would only render his sentence voidable rather than void.

**{¶21}** However, we are cognizant of the Supreme Court of Ohio's recent foray

into the void/voidable morass in *State v. Williams*, __ Ohio St.3d __, 2016-Ohio-7658,

__ N.E.3d __. In that 4-3 decision, the sharply divided court held that a trial court's

imposition of separate sentences for offenses, which the trial court concluded were

allied offenses of similar import, violated R.C. 2941.25 and rendered the sentences

void, thus rendering them subject to attack at any time without being barred by res

judicata. The Supreme Court distinguished its earlier language in *Holdcroft* at ¶ 8 by

emphasizing that it and other decisions "establish that when a trial court finds that

convictions are not allied offenses of similar import, or when it fails to make any finding

regarding whether the offenses are allied, imposing a separate sentence for each

offense is not contrary to law, and any error must be asserted in a timely appeal or it will

be barred by principles of res judicata." *Williams* at ¶ 26. Thus *Williams* does not

purport to modify existing precedent that applies *Holdcroft* to hold res judicata bars

errors relating to the trial court's imposition of consecutive sentences that are not raised

in a timely appeal.[1]

{¶22} In his reply brief Berecz attempts to raise a new sentencing claim that the

trial court failed to merge allied offenses, but he is forbidden from doing so. *See, e.g.,*

*Today and Tomorrow Heating & Cooling v. Greenfield*, 4th Dist. Highland No. 13CA14,

2014-Ohio-239, ¶ 17 ("an appellant may not use a reply brief to raise new issues or

assignments of error"). And even if this claim were properly before us, it would also be

barred by res judicata. *See State v. Hardie*, 4th Dist. Washington No. 14CA24, 2015-

Ohio-1611, ¶ 12, citing *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶

8 (allied-offenses claim "does not render [appellant's] sentence void, but is an error that

must be raised on [direct] appeal"). The Supreme Court recognized this result in

*Williams* at ¶ 26.

{¶23} His remaining nonconstitutional claim concerns the trial court's purported

failure in its original sentencing entry to notify him of his ability to appeal his sentence;

---

[1] But where we go from here is anyone's guess.

he relies on Crim.R. 32 and R.C. 2953.08.  Although R.C. 2953.08 confers on a

defendant the right to appeal from the sentence, it contains no requirement that the

court notify the defendant of that right.  And any purported failure by the trial court in its

notification obligations under Crim.R. 32 could not render his sentence void.  *See, e.g.,*

*State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016-Ohio-1007, ¶ 17 ("because the

error here resulted from the court's failure to comply with the Crim.R. 11(C)(2)(a)

requirements for accepting a plea, rather than as a result of ignoring a statutory

mandate for imposing sentence, the plea was merely voidable and not void"); *State v.*

*Barnes*, 12th Dist. Warren No. CA2014-03-049, 2015-Ohio-651, ¶ 27 ("While the trial

court failed to advise [the defendant] of his right to appeal under Crim.R. 32(B)(2), such

an error does not render [the defendant's] conviction void").  Therefore, res judicata also

bars this claim.

{¶24}  Consequently, res judicata barred Berecz's sentencing claims because he

either raised or could have raised them in his direct appeal.  He also could have raised

them in his prior postconviction motions.  The trial court properly denied his motion to

correct his sentence for these claims.

### B.  Constitutional Claims

{¶25}  Berecz also argues that although his motion should not be construed as

an untimely petition for postconviction relief, he was denied his constitutional rights to

due process and the effective assistance of counsel.  "[I]f a criminal defendant,

subsequent to his or her direct appeal, files a motion seeking the vacation or correction

of his or her sentence on the basis that his or her constitutional rights have been

violated, then such a motion is a petition for postconviction relief."  *State v. Reynolds*, 79

Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus.  To the extent that Berecz's motion

raised constitutional claims, it constituted an untimely petition for postconviction relief

that the trial court could not address.  R.C. 2953.23(A)(1) and (2); *State v. McDougald*,

4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 22-23.

**{¶26}**  Therefore, Berecz has not established that the trial court erred by not

granting his motion to correct his sentence.  We overrule his assignment of error.

## V. CONCLUSION

**{¶27}**  Berecz was not entitled to the relief requested in his motion to correct his

sentence.  The trial court correctly denied his motion insofar as he raised

nonconstitutional claims because they were barred by res judicata.  And for his

constitutional claims, the motion constituted a time-barred petition for postconviction

relief that the trial court lacked jurisdiction to address.  Having overruled his sole

assignment of error and upon authority of App.R. 12(A)(1)(a), we modify the trial court's

judgment to reflect the dismissal of the petition/motion insofar as it raised constitutional

claims, and we affirm the judgment as modified.

JUDGMENT AFFIRMED

AS MODIFIED.

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

BY: _____
William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**