[Cite as *State v. Price*, 2017-Ohio-7496.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-314 (C.P.C. 12CR-4513) |
| v. | : | No. 17AP-315 (C.P.C. No. 13CR-3719) |
| Joshua L. Price, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 7, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Joshua L. Price*, pro se.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Joshua L. Price, appeals from judgments of the Franklin County Court of Common Pleas denying his motion to vacate sentences in these two cases. For the following reasons, we affirm those judgments.

I. Factual and Procedural Background

{¶ 2} In 2012, appellant and his two brothers were indicted for multiple counts arising from numerous armed robberies, including many counts of robbery, aggravated robbery, and kidnapping. The indictments also charged him with firearm specifications pursuant to R.C. 2941.145 for most of those counts. After initially entering a not guilty plea, appellant entered a guilty plea in both of these cases to one count of attempted

aggravated burglary and eight counts of aggravated robbery. He also pled guilty to the attendant firearm specifications for all but one of those offenses. The remaining counts were dismissed. As a result, the trial court sentenced appellant to a total prison term of 22 years, a total that included 12 years of prison for the firearm specifications. This court affirmed appellant's sentence, rejecting his argument that the trial court improperly imposed multiple sentences for his firearm specifications. *State v. Price*, 10th Dist. No. 13AP-1085, 2014-Ohio-4065 ("*Price I*").

{¶ 3} On March 9, 2017, appellant filed his motion to vacate sentence. Appellant asked the court to vacate his sentence because the trial court did not make the statutorily required findings in R.C. 2929.14(C) before it imposed consecutive sentences and also failed to properly impose mandatory prison terms for his firearm specifications. The trial court summarily denied the motion.

## II. Appellant's Appeal

{¶ 4} Appellant appeals and assigns the following errors:

> [1.] The trial court failed to make the consecutive-sentence findings under R.C. 2929.14 and failed to impose the required mandatory sentencing provisions under R.C. 2929.14(B)(1), pursuant to R.C. 2941.145 rendering the sentence unauthorized and contrary to law under statutory law, and the United States and Ohio Constitutions under the 6th and 14th amendments.
>
> [2.] The trial court failed to impose the required mandatory provisions at sentencing pursuant to R.C. 2929.14(B)(1)(a), rendering the sentence unauthorized by law and void.

### A. Findings for Consecutive Sentences

{¶ 5} Appellant first argues that his sentences should be vacated because the trial court did not make the required findings in order to impose consecutive sentences. We disagree, as res judicata bars appellant from making this argument.

{¶ 6} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Lowe*, 10th Dist. No. 14AP-481,

2015-Ohio-382, ¶ 10, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  Appellant could have raised this argument in his direct appeal but he did not.  As a result, res judicata bars him from raising it in this appeal.  *State v. Mullen*, 9th Dist. No. 28453, 2017-Ohio-7234, ¶ 4-6 (argument that trial court failed to make finding barred by res judicata).[1]  We recognize that an exception to the application of res judicata applies to void judgments.  *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30.  The argument appellant presents, however, would not render the trial court's judgment void.  *State v. Berecz*, 4th Dist. No. 16CA15, 2017-Ohio-266, ¶ 18-19, citing *State v. Chapin*, 10th Dist. No. 14AP-1003, 2015-Ohio-3013, ¶ 9 (alleged error in not making findings would not render sentence void).

### B.  Firearm Specifications

{¶ 7}   Appellant also argues that the trial court did not properly impose his mandatory sentences for the firearm specifications.  However, the basis for appellant's argument is not clear.  To the extent that he argues the trial court did not properly impose the sentences, this court concluded in appellant's previous appeal that the trial court's imposition of sentences for the firearm specifications was not contrary to law.  *Price 1* at ¶ 5-13.  To the extent that he appears to argue that the trial court had to make certain findings in order to impose the mandatory sentences for his firearm specifications, res judicata bars him from presenting it here because he did not raise that argument in his first appeal.  *State v. Beal*, 2d Dist. No. 2015-CA-91, 2016-Ohio-3271, ¶ 21-22 (applying res judicata and noting that defendant "could have raised sentencing issues about the firearm specification in both of his prior appeals but failed to do so"); *State v. Bonner*, 6th Dist. No. E-12-041, 2013-Ohio-2240, ¶ 7 (argument regarding imposition of sentences for firearm specifications barred by res judicata); *Mullen* (argument that trial court failed to make findings in order to impose sentence barred by res judicata).  This argument would not render his judgment void.  *Bonner* at ¶ 7-8 (error in firearm specification sentencing would not render sentence void); *State v. McCall*, 7th Dist. No. 12 MA 57, 2012-Ohio-5604, ¶ 20-23 (same); *Berecz*.

---

[1] We note that this court, in appellant's brothers' appeals, determined that the trial court's comments at the brothers' joint sentencing hearing did satisfy the requirements of R.C. 2929.14(C).  *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 30-41; *State v. Price*, 10th Dist. No. 13AP-1082, 2015-Ohio-315, ¶ 13.

## III.  Conclusion

For these reasons, we overrule appellant's assignments of error and affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

TYACK, P.J., and DORRIAN, J., concur.

_____