[Cite as *State v. Price*, 2024-Ohio-5823.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-230 |
| v. | : | (C.P.C. No. 12CR-4513) |
| Joshua L. Price, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-231 |
| v. | : | (C.P.C. No. 13CR-3719) |
| Joshua L. Price, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 12, 2024

**On brief:** [*Mark J. Wodarcyk*, First Assistant Prosecuting Attorney], *Sheryl L. Prichard*, and *Michael A. Walsh*, for appellee.

**On brief:** *Joshua L. Price*, pro se.

APPEALS from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Joshua L. Price, pro se, appeals from a March 7, 2024 decision and entry denying his motion to withdraw his guilty pleas. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} By indictment in Franklin C.P. case No. 12CR-4513 filed September 5, 2012, plaintiff-appellee, State of Ohio, charged Price with 33 first, second, and third-degree felonies. On July 16, 2013, Price was charged with two additional first and second-degree felonies in Franklin C.P. case No. 13CR-3719. The charges included aggravated robbery, aggravated burglary, and kidnapping, and stemmed from three different robberies on two different dates.

{¶ 3} On November 25, 2013, Price pled guilty to nine counts of aggravated robbery and one count of attempted aggravated burglary, and was sentenced to 22 years of incarceration. Price's two codefendants and brothers, Anthony Price and Maurice Price, each received identical 22-year sentences.

{¶ 4} Price filed a direct appeal on December 27, 2013, arguing that his sentence was incorrect. We affirmed the trial court's decision in *State v. Price*, 10th Dist. No. 13AP-1085, 2014-Ohio-4065.

{¶ 5} On January 6, 2015, Price filed a motion for resentencing, and was rejected by the trial court on February 3, 2015. On March 9, 2017, Price filed a motion to vacate sentence. The trial court denied the motion on April 3, 2017, and we affirmed the trial court in *State v. Price*, 10th Dist. No. 17AP-314, 2017-Ohio-7496. On June 11, 2021, Price filed a motion to correct his sentence, and the trial court denied the motion on July 16, 2021. Price appealed to this court, and in a February 9, 2022 memorandum decision, we dismissed the appeal for lack of jurisdiction in part and affirmed in part, finding that res judicata precluded Price from raising additional issues not raised on direct appeal.

{¶ 6} Price then filed a habeas corpus case in federal court to obtain relief from his conviction and sentence. The magistrate judge recommended dismissal with prejudice because the petition was not timely, and Price filed objections. On May 15, 2023, the judge overruled the objections and dismissed the case.

{¶ 7} On February 6, 2024, Price filed the instant motion to withdraw his guilty plea pursuant to Crim.R. 32.1, arguing ineffective assistance of counsel. The state responded in opposition on February 13, 2024, and the trial court denied the motion without a hearing on March 7, 2024, finding res judicata precluded any further action.

{¶ 8} Price appealed the denial of his motion to withdraw, docketed as case No. 24AP-230 in case No. 12CR-4513, and case No. 24AP-230 in case No. 13CR-3719. On April 8, 2024, we consolidated the cases by journal entry.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant assigns the following as trial court errors for our review:

[1.] THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING WITHDRAWAL OF APPELLANT'S PLEA AFTER HE DEMONSTRATED THAT HIS PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY[.]

[2.] THE TRIAL COURT ABUSED ITS DISCRETION BY NOT HOLDING A HEARING[.]

## III. STANDARD OF REVIEW

{¶ 10} "The good faith, credibility, and weight to be given to assertions made by a defendant in support of a motion to withdraw a guilty plea are matters to be resolved by the trial court." *State v. Smith*, 10th Dist. No. 07AP-985, 2008-Ohio-2802, ¶ 10. We review a trial court's denial of a motion to withdraw a guilty plea or a decision not to hold a hearing under an abuse of discretion standard, and we reverse only if it is unreasonable, arbitrary, or unconscionable. *State v. Odoms*, 10th Dist. No. 04AP-708, 2005-Ohio-4926.

{¶ 11} The applicability of res judicata is a question of law, and an appellate court must review under a de novo standard. *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155. De novo appellate review means that the court of appeals conducts an independent review of the trial court record with no deference to the decision. *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529.

## IV. LEGAL ANALYSIS

{¶ 12} Price argues as his first assignment of error that the trial court erred by not granting his motion to withdraw his guilty plea. Crim.R. 32.1 permits a court to grant a motion to withdraw a guilty plea after sentence has been imposed only to correct a manifest injustice. *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203 (1998). "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. A defendant seeking to withdraw a guilty plea post-sentence bears the burden of establishing manifest injustice based on specific facts either

contained in the record or supplied through affidavits attached to the motion. *State v. Orris*, 10th Dist. No. 07AP-390, 2007-Ohio-6499, ¶ 8.

{¶ 13} A claim of ineffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea. *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, ¶ 18 (10th Dist.), citing *State v. Lake*, 1996 Ohio App. LEXIS 1319 (10th Dist.1996). "When an alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty." *State v. Taveras*, 12th Dist. No. CA2016-06-054, 2017-Ohio-1496, ¶ 17, citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

{¶ 14} Price contends his counsel was ineffective by having him plead guilty to offenses that would not merge and for not addressing merger and mitigating factors at sentencing, and therefore his guilty pleas were not knowingly, intelligently, and voluntarily entered into. Price offers an affidavit as evidence ten years after the alleged infraction. Generally, a self-serving affidavit made by the moving party is not sufficient to demonstrate manifest injustice. *State v. Moncrief*, 10th Dist. No. 08AP-153, 2008-Ohio-4594, ¶ 13.

{¶ 15} The first consideration for a trial or appellate court is whether the claims raised in the motion to withdraw a guilty plea are barred by res judicata. *State v. Reynolds*, 3d Dist. No. 12-01-11, 2002-Ohio-2823, ¶ 27. Only if the claim is not barred by res judicata should the court proceed to the manifest injustice standard. *Id.*

{¶ 16} The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that has been raised or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Specifically, the doctrine of res judicata precludes a defendant from raising, in a post-sentence Crim.R. 32.1 motion to withdraw a guilty plea, " 'an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal.' " (Further quotation and citation omitted.) *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 22, quoting *State v. Vinson*, 11th Dist. No. 2007-L-088, 2008-Ohio-3059, ¶ 32.

{¶ 17} Where new counsel represents defendant on direct appeal and the ineffectiveness of trial counsel could have been determined without resort to evidence outside the record, a petition for postconviction relief alleging ineffective assistance of trial counsel is barred by res judicata. *State v. Lentz*, 70 Ohio St.3d 527, 529-30 (1994), citing *State v. Cole*, 2 Ohio St.3d 112, 113-14 (1982). To overcome the res judicata bar, the defendant must offer competent, relevant and material evidence, outside the trial court record, to demonstrate that the defendant could not have appealed the claim based upon information in the original trial record. *State v. Young*, 10th Dist. No. 05AP-641, 2006-Ohio-1165, ¶ 20; *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27.

{¶ 18} "This, in effect, prevents a criminal defendant from having a second bite at the apple. If a defendant believes that the trial court has committed an error, then he should raise that error at the first possible opportunity, not in a collateral attack." *State v. White*, 7th Dist. No. 03 MA 168, 2004-Ohio-2809, ¶ 20.

{¶ 19} Price's claim of ineffective assistance of counsel could have been raised in his direct appeal. His arguments in support of the claim are all based on the trial record, so the claim could have been fairly determined without resort to evidence outside the record in that direct appeal. He also did not present any evidence outside the record to defeat the application of res judicata.

{¶ 20} Claims submitted in support of a Crim.R. 32.1 motion to withdraw a plea that could have been raised on direct appeal, but were not raised in direct appeal, are barred by res judicata. *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210. Accordingly, res judicata bars the raising of this claim in the post-sentence motion to withdraw a guilty plea, and there is no need to proceed to address the merits under the manifest injustice standard. *State v. Dixon*, 10th Dist. No. 03AP-564, 2004-Ohio-3374, ¶ 12.

{¶ 21} Upon review, we find the trial court's ruling denying appellant's motion to withdraw his guilty plea on res judicata grounds was not an abuse of discretion. Accordingly, we overrule his first assignment of error.

{¶ 22} Price argues in his second assignment of error that the trial court should have conducted an evidentiary hearing before making a ruling on his motion to withdraw his guilty plea.

**{¶ 23}** A defendant is not automatically entitled to an evidentiary hearing on a post-sentence motion to withdraw a guilty plea, and one is not required if the " ' "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." ' " *State v. Miranda*, 10th Dist. No. 13AP-271, 2013-Ohio-5109, ¶ 21, quoting *State v. Buck*, 9th Dist. No. 04CA008516, 2005-Ohio-2810, ¶ 14, quoting *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12. A trial court may dismiss a petition for postconviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Wright*, 10th Dist. No. 08AP-1095, 2009-Ohio-4651, ¶ 11. Because the trial court properly concluded that res judicata barred Price's claims, it acted properly by not holding a hearing on those claims. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 15.

**{¶ 24}** Accordingly, the trial court did not abuse its discretion in denying appellant's motion for an oral hearing on this matter. Appellant's second assignment of error is overruled.

## V. CONCLUSION

**{¶ 25}** For these reasons, the trial court did not abuse its discretion by denying Price's motion to withdraw his guilty pleas without a hearing. Price's two assignments of error are overruled, and we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

_____