[Cite as *State v. Perez*, 2026-Ohio-1812.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

ORLANDO PEREZ JR.,

    DEFENDANT-APPELLANT.

CASE NO. 4-25-19

OPINION AND
JUDGMENT ENTRY

Appeal from Defiance County Common Pleas Court

Trial Court No. 16 CR 12613

**Judgment Affirmed**

**Date of Decision:  May 18, 2026**

APPEARANCES:

    *Orlando Perez Jr.,* **Appellant**

    *Russell R. Herman* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Orlando Perez Jr. ("Perez"), pro se, appeals the November 13, 2025 judgment entry of the Defiance County Court of Common Pleas denying his post-sentence motion to withdraw his guilty pleas. For the reasons that follow, we affirm.

{¶2} In January 2017, Perez was convicted of two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(f) and (g), respectively, both first-degree felonies. The trial court sentenced Perez to an aggregate 14 year prison term. *State v. Perez*, 2018-Ohio-635, ¶ 3 (3d Dist.). Perez directly appealed the trial court's judgment entry of sentence.[1] In his direct appeal, this court affirmed his conviction and sentence. *Id.* at ¶ 11.

{¶3} Following his direct appeal, Perez, pro se, filed several post-conviction motions, asserting ineffective assistance of counsel arguments related to his guilty pleas and arguments that his sentence is void or voidable. These motions were denied by the trial court.[2]

{¶4} On August 13, 2025, Perez, represented by counsel, filed a motion to withdraw his guilty pleas under Crim.R. 32.1. The State filed a memorandum in

---

[1] In Perez's direct appeal from his convictions and sentence, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. Perez*, 2018-Ohio-635 (3d Dist.).

[2] Perez's appeal from the trial court's denial of his petition for post-conviction relief in 2019 was dismissed by this court.

opposition to Perez's motion on August 21, 2025. After a hearing on November 6, 2025, the trial court denied Perez's motion on November 13, 2025. Perez, pro se, filed a motion for reconsideration on November 20, 2025, which the trial court denied on November 21, 2025.

{¶5} On December 8, 2025, Perez filed his notice of appeal. He raises four assignments of error for our review, which we will review together.

### First Assignment of Error

**The trial court erred by applying res judicata to bar Appellant's Crim.R. 32.1 motion, where misinformation of law rendered the plea constitutionally void.**

### Second Assignment of Error

**The trial court erred by finding the plea knowing, voluntary, and intelligent despite undisputed evidence that Appellant relied on misinformation concerning the Major Drug Offender specifications.**

### Third Assignment of Error

**The trial court abused its discretion in denying the motion despite uncontroverted evidence of manifest injustice.**

### Fourth Assignment of Error

**Appellant received ineffective assistance of counsel where trial counsel failed to correct the court's misstatements of law regarding the MDO specifications, failed to investigate the statute, and failed to ensure the plea was knowing, voluntary, and intelligent.**

{¶6} In his assignments of error, Perez argues that the trial court erred by denying his post-sentence motion to withdraw his guilty pleas. Specifically, Perez

argues that his guilty pleas were not made knowingly, intelligently, and voluntarily because, at the time of his initial arraignment, the trial court misinformed him of the potential maximum penalties for the Major Drug Offender specifications. He further argues that his trial counsel provided ineffective assistance by failing to correct this misstatement.

*Standard of Review*

{¶7} "Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Streeter*, 2009-Ohio-189, ¶ 12 (3d Dist.). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶8} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "The party moving to withdraw the plea of guilty bears the burden of establishing a manifest injustice." *Streeter* at ¶ 13. A manifest injustice is a clear or openly unjust act and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice. *State v. Straley*, 2019-Ohio-5206, ¶ 14. "[A] postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶9} "Res judicata bars the assertion of claims against a judgment of conviction in a motion under Crim.R. 32.1 when those claims were or could have been raised on direct appeal." *State v. Cagle*, 2020-Ohio-316, ¶ 4 (9th Dist.). *See also Straley* at ¶ 14. "An exception to the res judicata bar is when the defendant raises claims that were not available on appeal because they are based on evidence outside the record." *State v. Cartlidge*, 2021-Ohio-3787, ¶ 9 (3d Dist.). Thus, "[t]o overcome the res judicata bar, the defendant must provide new evidence that was not a part of the original record . . . ." *Id.*

{¶10} Here, even though Perez directly appealed his conviction and sentence, he failed to challenge the propriety of his guilty pleas or the effectiveness of his trial counsel in his direct appeal. *See Straley* at ¶ 23 ("Straley could have challenged his guilty plea on direct appeal."); *State v. Price*, 2024-Ohio-5823, ¶ 16 (10th Dist.) (asserting that res judicata bars an ineffective assistance of counsel claim in a post-sentence Crim.R. 32.1 motion if it could have been raised on direct appeal). Critically, Perez's defective plea argument and his claim of ineffective assistance of trial counsel could have been raised in his direct appeal since his arguments in support of those claims are firmly rooted in the trial record. Thus, "the claim could have been fairly determined without resort to evidence outside the record in that direct appeal." *Price* at ¶ 19.

{¶11} Consequently, because Perez could have raised his arguments in his direct appeal, his arguments are barred by the doctrine of res judicata and he cannot

now raise them in a post-sentence motion to withdraw his guilty pleas. *Accord Cartlidge* at ¶ 11; *Price* at ¶ 20. As a result, the trial court did not abuse its discretion by denying Perez's motion to withdraw his guilty pleas.

{¶12} Perez's assignments of error are overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/hls