[Cite as *State v. Mitchem*, 2018-Ohio-4589.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA10 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| HERBERT MITCHEM, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/08/2018** |

<u>APPEARANCES</u>:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Nick Wille, Jackson County Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.

Harsha, J.

{¶1}   After Herbert Mitchem pleaded guilty to operating a vehicle with a hidden compartment used to transport a controlled substance and aggravated possession of drugs, he received a prison sentence.  Mitchem asserts that his convictions and plea of guilty should be set aside because he did not knowingly, intelligently, and voluntarily enter his plea.

{¶2}   Mitchem contends he stated at the plea hearing that he wanted to appeal all issues in the case and didn't understand the limiting effect of his plea.  However, the trial court complied with the requirement of informing him of the effect of his guilty plea by advising him that it constituted a complete admission of his guilt of the crimes.  And it had no duty at the plea hearing to advise Mitchem of his right to appeal; that duty arises at sentencing.  In fact, at the final pretrial hearing a little more than a month earlier, when he rejected the same plea agreement, the trial court correctly informed him that

his right to appeal would be limited by taking the plea.  Our de novo review of the record establishes that he entered his guilty plea knowingly, intelligently, and voluntarily.

{¶3}    Next Mitchem contends that his trial counsel provided ineffective assistance by forcing him to plead guilty.  The record does not support Mitchem's contention.  The evidence he cites consists of unverified accusations in postconviction filings and a solitary self-serving affidavit filed in support of his motion for leave to appeal.  He can establish neither deficient performance nor prejudice.

{¶4}    We overrule his assignments of error and affirm his convictions.

## I. FACTS

{¶5}    The Jackson County Grand Jury returned an indictment charging Herbert Mitchem with operating a vehicle with a hidden compartment used to transport a controlled substance, aggravated possession of drugs, aggravated trafficking in drugs, operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them, and endangering children.  The aggravated possession and aggravated trafficking counts included a major-drug-offender specification.  Mitchem entered a plea of not guilty, and the trial court appointed counsel for him.

{¶6}    Mitchem filed a motion to suppress evidence seized in a traffic stop and statements he made to a state trooper.  He alleged the stop was not based on a reasonable suspicion, the search of the automobile was unreasonable, and he made statements without *Miranda* warnings while he was in custody.

{¶7}    Before a scheduled hearing on the suppression motion, the trial court held a pretrial hearing where the state informed the court that in exchange for Mitchem's guilty plea to the charges of operating a vehicle with a hidden compartment used to

transport a controlled substance and aggravated possession of drugs, the state would dismiss the major-drug-offender specification to the latter charge and dismiss the remaining charges.  Under the proposed plea agreement there would be no agreed sentence, but the state would recommended community control for the first charge and an eight-year mandatory prison sentence for the second charge.

{¶8}    After Mitchem advised the trial court that he did not want to take the plea offer, the state noted that its plea offer would remain open until the first witness at the suppression hearing was sworn in to testify.  The trial judge then explained the timing of the plea offer to Mitchem.  And after Mitchem talked about his right to appeal if he took the plea, the judge informed Mitchem that his ability to appeal would be limited if he accepted the plea offer:

> JUDGE:  …so what I'm telling you is we start the motion to suppress, this deal is done.  Now, you said you don't want it but you think about it and before we start the hearing you say I'd like to take it that's fine.  We get done with the hearing and you go I want to take it there's nothing there to take.
>
> DEFENDANT:  At the same time, I get an appeal if I get the eleven (11) right? An automatic appeal, right?
>
> JUDGE:  There's no…
>
> DEFENDANT:  …I don't get to appeal if I take a deal, right?
>
> JUDGE:  *You take a deal your ability to appeal is certainly limited.*  If a jury convicts you, yes, you get to… you get to take [an] appeal to the Fourth District Court of Appeals.
>
> DEFENDANT:  That might be my better shot because I think lying to a judge is a big deal and I believe he would lie.

(Emphasis added.)

**{¶9}** A little more than a month later at the scheduled hearing on Mitchem's suppression motion, his counsel and the trial court advised him that the state intended to supplement its discovery with recorded jail phone calls that contained Mitchem's incriminating statements. Counsel then discussed the matter with Mitchem off the record. When they returned on the record, Mitchem advised the trial court that he wanted to accept the state's plea offer.

**{¶10}** The trial court then proceeded to engage in a detailed Crim.R. 11(C) colloquy with Mitchem, who stated that he was not under the influence of drugs, had not been threatened, and had not been promised anything besides the terms of the plea agreement. Mitchem stated that he was satisfied with his trial attorney's services and that he understood that if he pleaded guilty to the charges, he would be making a complete admission to them:

> Q. Do you understand the nature of the allegations that you are pleading guilty to in Count 1 and amended Count 2?
>
> A. Yes sir.
>
> Q. Do you have any question about either offense?
>
> A. No sir.
>
> Q. *Do you understand that if you plead guilty to these offenses you are making a complete admission that you committed these crimes?*
>
> A. *Yes sir.*

(Emphasis added.)

**{¶11}** The trial court advised Mitchem about, and he acknowledged understanding, the maximum penalties involved for the offenses and that his prison term for aggravated drug possession would be mandatory, without opportunity for

judicial release.  The trial court further advised Mitchem, and he acknowledged, that he would be waiving his constitutional rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself.  Mitchem then stated that he understood he had 30 days after he was sentenced to file an appeal and that if he could not afford an attorney or the costs of an appeal, the court could appoint one for him and assist in paying for the costs of his appeal, including a preparation of the transcript.

{¶12}  Mitchem also signed a written "ENTRY OF GUILTY PLEA," stating that he desired to withdraw his prior not-guilty plea and plead guilty to the charges of aggravated possession of drugs and operating a vehicle with a hidden compartment used to transport a controlled substance and that he understood that his guilty plea to the crimes constituted "both an admission of guilt and a waiver of any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case."  Mitchem further acknowledged in the form that he waived certain rights, including the right "to appeal the verdict and rulings of the trial Court made before or during trial, should those rulings or the verdict be against my interests."

{¶13}  After Mitchem informed the court that he had no questions, did not need to speak with his trial counsel, and was certain that he wanted to proceed with his guilty plea, another exchange occurred.  Mitchem expressed both an objection to the hidden-compartment charge and his plan to appeal, but ultimately reiterated his decision to plead guilty:

> Q. Okay. The Court finds that Mr. Mitchem has signed an Entry of Guilty
> Plea.  Alright, Mr. Mitchem, how do you wish to plead to Count 1 of the

indictment, which is Operating a Vehicle with a Hidden Compartment Used to Transport a Controlled Substance, a violation of Revised Code Section 2923.241(C) of the Revised Code?

A. *Guilty, I guess.*

Q. Well it's not a guess. It's either you're pleading guilty or you're not.

A. *That's not what it was for but I'll plead guilty to it.*

Q. Um… I just want to make sure I'm… this is clear for the Court of Appeals. *You understand what you are charged with in Count 1?*

A. *Yeah, I'm going to appeal it.* I'm… I'm…

Q. Well, I… I… that's fine but for, to make a clear appellate record I want to make sure we are being very clear here.

ATTORNEY NASH: *He cannot accept your plea if you are going to say "well, no not really" …*

A. …okay… okay… *I'm guilty.*

Q. *Okay, so you understand that… what Count 1 is?*

A. *Yes sir.*

Q. *And you are pleading guilty to that?*

A. *Yes sir.*

Q. Okay. Then to Count 2, amended Count 2, which is aggravated possession of drugs, a violation of Revised Code 2925.11(A) of the Revised Code, a felony of the first degree, how are you pleading to that count?

A. Guilty.

(Emphasis added.)

{¶14}  The trial court then accepted Mitchem's guilty plea.  At the sentencing

hearing the state recommended that the trial court impose an eight-year mandatory

sentence on Mitchem for his aggravated drug-possession conviction because of the

seriousness of the offense.  The state referred to the large amount of drugs confiscated and Mitchem's clear indication to conceal his drug activity based on the vehicle's hidden compartment.  Mitchem's trial counsel argued that the mandatory sentence should be three or four years because Mitchem had taken responsibility for his actions by pleading guilty and he had been a law-abiding citizen for most of his life.  He also stated that the hidden compartment was only big enough to put a wallet in it, and not large enough to transport a large amount of drugs.

{¶15}  Mitchem stated that he did not use the hidden compartment in the car to hide the drugs he was transporting.  He claimed that he used it to hide money and credit cards he carried with him when he stayed at hotels for his asbestos-removal job, to prevent hotel "women" and "their boyfriends" from stealing from him if he placed his money and credit cards in the hotel safe.  He also claimed that he only had the drugs with him because he had accepted them as payment for a debt owed him by a drug-dealing friend.  He said he was transporting the drugs to his mother-in-law's house for Easter to figure out what to do with them.

{¶16}  The trial court sentenced him to a mandatory prison term of eight years on his aggravated drug possession conviction and a five-year term of community control thereafter on his conviction for operating a vehicle with a hidden compartment used to transport a controlled substance.

{¶17}  We granted Mitchem's motion for leave to file a delayed appeal.

## II. ASSIGNMENTS OF ERROR

{¶18}  Mitchem assigns the following errors for our review:

1.  MITCHEM'S PLEA WAS NOT A KNOWING, INTELLIGENT AND VOLUNTARY DECISION IN VIOLATION OF HIS RIGHT TO DUE

PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

2. TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE IN VIOLATION OF MITCHEM'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, §§5, 10 AND 16.

### III. LAW AND ANALYSIS

#### A. Validity of Guilty Plea

{¶19} In his first assignment of error Mitchem asserts that his guilty plea was not knowingly, intelligently, and voluntarily made due to the trial court's failure to advise him that the effect of his guilty plea would be to substantially reduce the scope of appealable issues in contravention of his stated desire. " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶20} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case, the trial court must address the defendant personally and determine that "the defendant understands the effect of the plea of guilty * * *." Crim.R. 11(C)(2)(b). The court must also inform the defendant of other matters under Crim.R. 11(C)(2)(a) and (c).

**{¶21}** Mitchem acknowledges that this case involves the trial court's notification of his nonconstitutional rights under Crim.R. 11(C)(2)(b), specifically the effect of his guilty plea. Because this notification is not constitutionally based, substantial compliance is sufficient; this means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 15, citing *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

**{¶22}** The trial court fully complied with the Crim.R. 11(C)(2)(b) requirement that it determine that Mitchem understand the effect of the guilty plea by informing him that a guilty plea constituted a complete admission of his guilt of the crimes. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.3d 677, paragraph two of the syllabus ("[t]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)"); Crim.R. 11(B)(1) ("[t]he plea of guilty is a complete admission of the defendant's guilt"). The written guilty plea form that Mitchem signed also stated that he understood that his guilty plea was an admission of his guilt of the crimes and a waiver of any defenses to them.

**{¶23}** Moreover, the trial court had no duty at the plea hearing to advise Mitchem about his right to appeal. The trial court's duty to advise a defendant of the right to appeal does not arise until sentencing, and therefore, has no effect on whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently. *See State v. Allen*, 9th Dist. Summit No. 28213, 2017-Ohio-2831, ¶ 15; *see also State v. Berecz*, 4th Dist. Washington No. 16CA15, 2017-Ohio-266, ¶ 23 ("Although R.C. 2953.08

confers on a defendant the right to appeal from the sentence, it contains no requirement that the court notify the defendant of that right").

**{¶24}** Furthermore, as Mitchem concedes, although a guilty plea waives most issues for purposes of appeal, it does not waive all issues. *See State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 17, quoting *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 26 (" '[g]enerally, a guilty plea waives all appealable errors that may have occurred in the trial court, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea' "); *State v. Legg*, 2016-Ohio-801, 63 N.E.3d 424, ¶ 12 (4th Dist.) (guilty plea does not waive a claim that on its face the charge is one that the state cannot legally prosecute); R.C. 2953.08(A) (permitting appeals by defendants pleading guilty to a felony to contest their sentence under certain circumstances). So the trial court's statement that he could appeal within 30 days after being sentenced was not erroneous.

**{¶25}** In fact at the final pretrial hearing a little more than a month earlier than the plea hearing, the trial court correctly informed him that his right to appeal would be limited by taking the plea; Mitchem then rejected the same plea agreement. And the plea form he signed at the plea hearing expressly provided that he understood that his plea waived "any and all constitutional, statutory, or factual defenses with respect to such crime(s) and this case." The record thus establishes that Mitchem was well aware that his ability to appeal would be limited by his guilty plea.

**{¶26}** Based on our de novo review, the trial court fully complied with Crim.R. 11(C)(2)(b) by informing Mitchem and determining that he understood the effect of his

guilty plea. The trial court correctly determined that Mitchem knowingly, intelligently, and voluntarily entered his guilty plea. We overrule his first assignment of error.

### B. Ineffective Assistance of Counsel

{¶27} In his second assignment of error Mitchem contends that he received constitutionally ineffective assistance from his trial counsel. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to establish either part of the test is fatal to an ineffective-assistance claim. *Strickland* at 697, 104 S.Ct. 2052; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶28} Mitchem claims that his trial counsel provided ineffective assistance to him by forcing him to plead guilty. But the record proves otherwise. As discussed in our disposition of his first assignment of error, Mitchem knowingly, intelligently, and voluntarily entered his guilty plea. And Mitchem stated that he was satisfied with his trial counsel's services during the trial court's colloquy with him at the plea hearing; he also stated in his signed guilty-plea form that he was "completely satisfied with the legal representation and advice" he received from his trial counsel and that no one had "coerced or induced" him to plead guilty.

{¶29} Insofar as Mitchem relies on his post-sentence filings, his self-serving affidavit and his unverified statements were insufficient to establish his claim of

ineffective assistance of counsel.  *See State v. Black*, 4th Dist. Ross No. 15CA3509,

2016-Ohio-3104, ¶14.

{¶30}  Therefore, Mitchem cannot establish either deficient performance by his

trial counsel or prejudice.  We overrule his second assignment of error.

IV. CONCLUSION

{¶31}  The trial court did not err in convicting Mitchem upon his guilty plea.

Having overruled his assignments of error, we affirm his convictions.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
    William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**