[Cite as *State v. Young*, 2018-Ohio-4990.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :        Case No.   17CA11

vs.                              :

CHRISTOPHER YOUNG,               :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, Columbus, Ohio, for Appellant.[1]

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Robert C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:12-6-18
ABELE, J.

{¶ 1} This is an appeal from a Lawrence County Common Pleas Court judgment of

conviction and sentence.   Christopher Young, defendant below and appellant herein, assigns the

following error for review:

> "THE TRIAL COURT COMMITTED PLAIN ERROR BY
> ACCEPTING A GUILTY PLEA THAT IS MANIFESTLY
> UNJUST BECAUSE THE RECORD SHOWS THAT NO
> REASONABLE JURY WOULD FIND CHRISTOPHER YOUNG

---

[1] Different counsel represented appellant during the trial court proceedings.

GUILTY OF FAILING TO NOTIFY THE SHERIFF OF HIS CHANGE IN HIS ADDRESS."

{¶ 2} On May 23, 2017, a Lawrence County grand jury returned an indictment that charged appellant with one count of failure to notify a change of address, in violation of R.C. 2950.05(F)(1).[2] After appellant agreed to plead guilty, the trial court found appellant guilty of failure to notify a change of address and sentenced him to serve seven months in prison. This appeal followed.

{¶ 3} In his sole assignment of error, appellant asserts that the trial court plainly erred by accepting his guilty plea to the offense of failing to notify the sheriff of a change of address. In particular, appellant contends the trial court plainly erred by accepting his plea when no reasonable juror would have found appellant guilty of the offense for the following reason: a prior juvenile adjudication cannot serve as a predicate for the offense of failing to notify under R.C. 2950.05(F)(1). Appellant thus contends that permitting a prior juvenile adjudication to serve as an element of an offense committed as an adult violates his right to due process of law.

{¶ 4} First, we note that appellant did not raise this issue during the trial court proceedings. Thus, appellant forfeited the right to raise the issue on appeal. It is well-established that "'"an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'""

---

[2] The state charged appellant with violating "R.C. 2950.05(E)(1)," and the trial court convicted him under that same statute. However, under the version of R.C. 2950.05 in effect on the date of appellant's indictment, the offense of failure to notify is listed in R.C. 2950.05(F)(1), not (E)(1). Am. Sub. S.B. 10, 2007 Ohio Laws File 10. R.C. 2950.05(F)(1) states: "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section or a change in vehicle information or identifiers pursuant to division (D) of this section shall fail to notify the appropriate sheriff in accordance with that division." The trial court may correct this clerical error.

*State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus.   Appellate courts nevertheless have discretion to consider forfeited issues using a plain-error analysis.  *E.g., Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27; *Quarterman* at ¶ 16.   Crim.R. 52(B) provides appellate courts with discretion to correct "[p]lain errors or defects affecting substantial rights."   For the plain error doctrine to apply, the party claiming error must establish (1) that "'an error, i.e., a deviation from a legal rule'" occurred, (2) that the error was "'an "obvious" defect in the trial proceedings,'" and (3) that this obvious error affected substantial rights, i.e., the error "'must have affected the outcome of the trial.'"  *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *accord State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 62.   For an error to be "plain" or "obvious," the error must be plain "under current law" "at the time of appellate consideration."   *Johnson v. United States*, 520 U.S. 461, 467, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *accord Barnes*, 94 Ohio St.3d at 27; *State v. G.C.*, 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, ¶ 14. "We take '[n]otice of plain error * * * with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Obermiller* at ¶ 62, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).   "Reversal is warranted only if the outcome of the [proceeding] clearly would have been different absent the error."  *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001).

{¶ 5} In the case sub judice, we believe that appellant's failure to raise the issue in the

trial court results in the forfeiture of his right to now challenge the validity of using a prior juvenile adjudication as the basis for an R.C. 2950.05(E)(1) conviction. Nevertheless, even if we considered appellant's argument, we find it meritless. *Hill v. Urbana*, 79 Ohio St.3d 130, 133-134, 679 N.E.2d 1109 (1997), citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988) (noting that "waiver doctrine is discretionary" and that reviewing courts may "'reserve[] the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it'").

{¶ 6} In the case at bar, appellant argues that using his juvenile adjudication as the predicate for the offense of failure-to-notify under R.C. 2950.05(F)(1) violates his due process rights as explained in *State v. Hand*, 149 Ohio St.3d 94, 2016–Ohio–5504, 73 N.E.3d 448. We do not agree. In *Hand*, the Ohio Supreme Court held that R.C. 2901.08(A) violates due process by "treat[ing] a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime." Id. at ¶ 1. In *Hand*, the adult-defendant pleaded guilty to three offenses. At sentencing, the trial court used the defendant's prior juvenile adjudication to enhance the sentence imposed for his adult convictions. The trial court determined that R.C. 2929.13 and R.C. 2901.08(A) authorized it to use the defendant's prior juvenile adjudication as an enhancing element. The court noted that R.C. 2929.13(F)(6) required the court to impose a mandatory prison term if the defendant had a prior first- or second-degree felony conviction. The statute did not define "convicted," however. The trial court thus looked to R.C. 2901.08(A), entitled "Delinquency adjudications deemed convictions." The statute stated that a prior delinquency adjudication "is a conviction" for purposes of determining the offense to be charged and the sentence to be imposed. *Id.* at ¶ 9. The trial court essentially determined that

the two statutes meant that "a juvenile adjudication counts as a previous conviction that can enhance either the degree of a later offense or a subsequent sentence to include mandatory prison time." *Id.* at ¶ 9. The defendant appealed, and the Second District Court of Appeals affirmed the trial court's judgment.

{¶ 7} On appeal to the Ohio Supreme Court, the defendant asserted that using a prior juvenile adjudication to enhance his sentence violated his due process rights. The Ohio Supreme Court agreed. The court determined that treating a prior delinquency adjudication as a conviction for sentence-enhancement purposes contravened the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Alleyne v. United States*, 570 U.S. 99, 114-116, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). In *Apprendi*, the held that "'[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Hand* at ¶ 21, quoting *Apprendi* at 490. The United States Supreme Court later expanded upon *Apprendi* and held "that facts increasing a mandatory minimum sentence must also be submitted to a jury and found beyond a reasonable doubt." *Hand* at ¶ 22, citing *Alleyne v. United States*, 570 U.S. 99, 114-116, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

{¶ 8} The *Hand* court applied *Apprendi* and *Alleyne* and concluded that "[b]ecause a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum." *Id.* at ¶ 34. The court thus held:

> R.C. 2901.08(A) violates the Due Process Clauses of Article I, Section 16

of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult.

*Id.* at paragraph one of the syllabus.

{¶ 9} Recently, the Ohio Supreme Court re-examined *Hand* and held that using a prior juvenile delinquency adjudication as an element of the offense of having a weapon under a disability does not offend the Due Process Clause. *State v. Carnes*, — Ohio St.3d —, 2018-Ohio-3256, — N.E.3d —, at ¶ 1. Although the court expressly "limit[ed its] consideration to [the weapon under a disability] statute exclusively and refrain[ed] from issuing a broader holding," we nonetheless find the decision instructive. *Id.* at ¶ 4.

{¶ 10} In *Carnes*, the court determined that using a prior juvenile delinquency adjudication as an element of the offense of having a weapon under a disability (WUD) does not violate due process, in part, because the WUD statute, unlike the statute that the court considered in *Hand*, does not explicitly state that a prior juvenile adjudication is a conviction. *Id.* at ¶¶ 8-9. Instead, the weapons-under-disability statute "lists several discrete, alternative disability conditions, including but not limited to certain juvenile adjudications and adult convictions." *Id.* at ¶ 9. The court also noted that the WUD statute "does not use juvenile adjudications for sentence-enhancement purposes." *Id.* at ¶ 10. Rather, "[r]egardless of the predicate conduct, a violation of the statute is a third-degree felony." *Id.* at ¶ 10. The court additionally rejected the defendant's claim that using a juvenile adjudication as an element of an adult criminal offense "is more consequential" than using it as a sentence enhancement. The court observed that "'only the existence of a disability * * * is at issue in the statute.'" *Id.*, quoting *State v. Barfield*,

2017-Ohio-8243, 87 N.E.3d 233, ¶ 8 (1st Dist.).

{¶ 11} Moreover, the court explained that the WUD statute reflects a legislative policy decision "that allowing weapons in the hands of individuals with certain prior juvenile adjudication poses an increased risk to public safety, as does allowing weapons in the hands of those with other disabling conditions such as chronic alcoholism or drug dependence." *Id.* at ¶ 16.

{¶ 12} In the case sub judice, we likewise find *Hand* distinguishable. Nothing in the text of R.C. 2950.05(F)(1) indicates that courts must treat a juvenile adjudication as an adult conviction. The failure-to-notify provision states:

> No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section or a change in vehicle information or identifiers pursuant to division (D) of this section shall fail to notify the appropriate sheriff in accordance with that division.

R.C. 2950.05(F)(1). None of the language in this statute suggests that a juvenile adjudication constitutes an adult conviction. In fact, the provision does not mention the word "juvenile" or "adjudication." Although we recognize that a juvenile adjudication gives rise to the duty to notify, *see* R.C. 2950.05(B), the duty-to-notify provision does not equate a juvenile adjudication to an adult conviction and it does not enhance the failure-to-notify penalty due to a prior juvenile adjudication.

{¶ 13} Moreover, R.C. Chapter 2950, including the failure-to-notify provision, reflects a legislative policy decision that individuals labeled as juvenile sex offenders pose an increased risk to public safety and that requiring these individuals to comply with the registration and notification provisions attempts to minimize that risk. R.C. 2950.02; *see State v. Blankenship*,

145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶ 36 (noting that legislature enacted

sex-offender registration laws to help protect the public). Thus, R.C. 2950.05(F)(1) contains

none of the evils the *Carnes* court suggested might make a statute constitutionally infirm when

applied to juvenile adjudications.

{¶ 14} We also note that the Ohio Supreme Court has upheld the constitutionality of

imposing the duty-to-notify requirement upon juvenile sex offenders, even though the duty

extends into adulthood:

> The imposition of juvenile-offender-registrant status under R.C. 2152.82
> or 2152.83(B) with corresponding registration and notification requirements that
> continue beyond the offender's reaching age 18 or 21 does not violate the
> offender's due-process rights.

*In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, paragraph three of the

syllabus. If extending the duty-to-notify into a juvenile sex offender's adulthood does not

violate due process, then we do not find it obvious that convicting an adult who violates R.C.

2950.05(F)(1), when the duty arose from a juvenile adjudication, violates due process.

{¶ 15} We additionally note that our decision accords with the First District in *State v.*

*Buttery*, 1st Dist. Hamilton No. C-160609, 2017-Ohio-9113, 2017 WL 6508864, appeal allowed,

152 Ohio St.3d 1462, 2018-Ohio-1795, 97 N.E.3d 499, 2018 WL 2151318. In *Buttery*, the state

indicted the defendant for failing to register under R.C. 2950.04. The defendant's duty to

register arose from a juvenile sex-offense adjudication. The defendant asserted that using his

juvenile adjudication as the basis for a failure-to-register conviction violated his due process

rights as explained in *Hand*. The court did not agree. The court explained:

> In this case, R.C. 2950.04 distinguishes between an adult offender
> convicted of a sexually-oriented offense and a juvenile adjudicated delinquent and

classified for having committed a sexually-oriented offense. While both are required to register under the statute, the registration requirements are based on either an adult conviction or a juvenile adjudication. The statute does not treat a juvenile adjudication as a conviction; the juvenile is required to register based upon the juvenile adjudication and classification. The registration requirement does not depend on an adult conviction. Like the juvenile adjudication constituting the disability element in the weapons-under-disability cases, the juvenile adjudication for a sexually-oriented offense requires registration in its own right. The juvenile adjudication is not a penalty-enhancing element; it is an element of the crime of failing to register.

*Id.* at ¶ 20. The court thus determined that using the defendant's juvenile adjudication as the predicate for his failure-to-register offense did not violate his due process rights.

{¶ 16} We observe that the Ohio Supreme Court initially had stayed *Buttery* pending its *Carnes* decision. 152 Ohio St.3d 1462, 2018-Ohio-1795, 97 N.E.3d 499. After the court issued is *Carnes* decision, however, the court lifted the stay. — Ohio St.3d —, 2018-Ohio-3867, — N.E.3d —. Thus, the Ohio Supreme Court ultimately will decide the matter. For now, however, we do not believe that appellant's failure-to-notify conviction obviously violates his due process rights. Consequently, appellant cannot establish that the trial court plainly erred by accepting his guilty plea.

{¶ 17} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Harsha, J., concurring in judgment only:

Young concedes that he did not raise his objection below to the constitutionality of the charged crime.   He thus claims plain error.   But he phrases it under the "manifest injustice" standard typically associated with a postsentence motion to withdraw a guilty plea.   He cites *State v. Tinney*, 5th Dist. Richland No. 13CA18, 2014-Ohio-3053, to support this standard of review, but that case involves the state's appeal from the granting of a postsentence motion to withdraw a guilty plea.    Young never filed a motion to withdraw his guilty plea so, technically the "manifest injustice" standard does not apply here.

Indeed, Young appears to consciously disregard the fact that this matter is before the court on his appeal from his guilty plea to a charge of failure to notify.   Generally, a guilty plea forfeits all appealable errors that may have occurred in the trial court, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea.   *State v. Mitchem*, 4th Dist. Jackson No. 17CA10, 2018-Ohio-4589, ¶ 24.   Young does not argue here that the claimed error—the unconstitutional nature of the crime—prevented him from knowingly, intelligently, and voluntarily entering a guilty plea.

But this does not necessarily mean that he forfeited plain-error on appeal by pleading guilty; a guilty plea does not forfeit a claim that on its face, the charge is one that the state cannot legally prosecute.   *Mitchem* at ¶ 24, citing *State v. Legg*, 2016-Ohio-801, 63 N.E.3d 424, ¶ 12 (4th Dist.). And this is exactly the claim Young raises here.

We have discretion to consider a forfeited constitutional claim for plain error to determine whether "but for a plain or obvious error, the outcome of the proceeding would have

been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. However, we should apply this doctrine in only the most limited circumstances. *See, e.g., State v. Carter*, 4th Dist. Athens No. 15CA1015, ¶ 58 (Harsha, J., concurring) ("Therefore, I would exercise the discretion accorded to appellate courts under Crim.R. 52(B) by declining to apply the plain-error doctrine here. *See, e.g., State v. Smith*, 4th Dist. Scioto No. 15CA3686, 2016–Ohio–5062, ¶ 127 (Harsha, J., concurring in part and dissenting in part), citing *State v. Barnes*, 98 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), and *Rogers* at ¶ 22; *see also State v. Askew*, 4th Dist. Ross No. 05CA2877, 2006–Ohio–4769, ¶ 23. This is consistent with the Supreme Court's admonition that courts should "notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus"). Young does claim plain error here. Nonetheless, I would not apply plain error under these circumstances and simply confirm the trial court's judgment.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment Only with Opinion

For the Court

BY:_____

Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Topics and Issues: