[Cite as *State v. Shelton*, 2020-Ohio-1218.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2019-0061 |
| MATHEW E. SHELTON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:　　　Criminal Appeal from the Court of Common
　　　　　　　　　　　　　　　　　　Pleas, Case No.  CR2019-0258


JUDGMENT:　　　　　　　　　　　　Affirmed in Part; Reversed in Part
　　　　　　　　　　　　　　　　　　and Remanded


DATE OF JUDGMENT ENTRY:　　　　March 27, 2020


APPEARANCES:

For Plaintiff-Appellee　　　　　　　　For Defendant-Appellant

D. MICHAEL HADDOX　　　　　　　ABIGAIL CHRISTOPHER
PROSECUTING ATTORNEY　　　　　250 East Broad Street
TAYLOR P. BENNINGTON　　　　　　Suite 1400
ASSISTANT PROSECUTOR　　　　　Columbus, Ohio  43215
27 North Fifth Street, P.O. Box 1187
Zanesville, Ohio  43702

*Wise, J.*

**{¶1}** Defendant-Appellant Mathew E. Shelton appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas on one count of Failure to Register, following a plea of guilty.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** Appellant Mathew Shelton is a Tier III registered sex offender. Such classification followed an adjudication for first-degree felony rape in September of 2015, when Appellant was 16 years old. At the time of sentencing, Appellant was made aware of the terms and conditions of such registration requirements.

**{¶5}** Pursuant to such registration requirements, Appellant had been registering with the Muskingum County Sheriff's Department as a sexual offender.

**{¶6}** On April 26, 2019, the Muskingum County Sheriff's Office received a message from Offender Watch notifying them of a change of address for Appellant. Appellant had reported to Columbiana County with a new address located in their jurisdiction.

**{¶7}** Appellant did not advise Muskingum County prior to his move and gave no notice of his intent to move out of county. Appellant did call the Muskingum County Sherriff's Department after his move, stating that he was late in notifying them, and that he had just moved to Columbiana County.

**{¶8}** Appellant was subsequently arrested.

{¶9}   On May 8, 2019, Appellant was indicted on one count of Failure to Register (address change), a felony of the first degree, in violation of R.C. §2950.05(A).

{¶10} On June 17, 2019, Appellant pled guilty and waived a pre-sentence investigation. The trial court followed the joint recommendation of the parties and sentenced Appellant to serve a mandatory three (3) years of incarceration with a mandatory five years of post-release control. (T. at 15; Sent. JE at 2).

{¶11}  Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

{¶12}  "I. THE TRIAL COURT COMMITTED PLAIN ERROR BY FINDING THAT PRISON WAS MANDATORY BECAUSE THE STATE FAILED TO PRESENT EVIDENCE THAT MATHEW SHELTON WAS PREVIOUSLY CONVICTED OF A PRIOR FELONY OR FAILURE TO REGISTER. R.C. 2950.99, 2929.13(F).

{¶13}  "II. MATHEW WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL ATTORNEY FAILED TO INFORM THE COURT THAT MATHEW'S THREE-YEAR PRISON SENTENCE WAS NOT MANDATORY AND FAILED TO REBUT THE PRESUMPTION IN FAVOR OF SENDING MATHEW TO PRISON IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶14}  "III. THE TRIAL COURT ERRED BY ACCEPTING A GUILTY PLEA FROM A PERSON WHO HAS NOT BEEN CONVICTED AS AN ADULT OF A SEX OFFENSE IN VIOLATION OF MATHEW'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO

THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

**I., II.**

**{¶15}** With regard to Appellant's first and second assignments of error, the State concedes the trial court erred in sentencing:

> While the trial court was properly within its discretion to follow the joint recommendation of the parties by sentencing Appellant to the minimum sentence of three (3) years, the State conceded the prison sentence should not be mandatory.
>
> (Appellee's Brief at 2).
>
> Upon review, the State also conceded that re-sentencing is necessary to comply with Senate Bill 201 "Reagan Tokes Law". (Appellee's Brief at 2).

**{¶16}** We therefore grant Appellant's first and second assignments of error, vacate the sentence, and remand the matter to the trial court for resentencing.

**III.**

**{¶17}** In his third assignment of error, Appellant argues the trial court erred in accepting his guilty plea because he was not an adult convicted of a sex offense. We disagree.

**{¶18}** Three of our sister appellate districts have previously considered whether the use of a juvenile adjudication can be used as the predicate offense for a failure-to-register or a failure-to-notify offense committed as an adult. *State v. Young*, 4th Dist. Lawrence, 2018-Ohio-4990, 125 N.E.3d 177, appeal allowed, 155 Ohio St.3d 1405, 2019-Ohio-944, 119 N.E.3d 433; *State v. Buttery*, 1st Dist. Hamilton No. C-160609, 2017-Ohio-

9113, 2017 WL 6508864, appeal allowed, 152 Ohio St.3d 1462, 2018-Ohio-1795, 97 N.E.3d 499. *State v. Shazier*, 3rd Dist. Logan No. 8-19-12, 2019-Ohio-4409. Each of these courts have concluded that it does not.

**{¶19}** In *Buttery*, the First District explained the differences between R.C. 2950.04, the duty-to-register statute:

> R.C. 2950.04 distinguishes between an adult offender convicted of a sexually-oriented offense and a juvenile adjudicated delinquent and classified for having committed a sexually-oriented offense. While both are required to register under the statute, the registration requirements are based on either an adult conviction or a juvenile adjudication. The statute does not treat a juvenile adjudication as a conviction; the juvenile is required to register based upon the juvenile adjudication and classification. The registration requirement does not depend on an adult conviction. Like the juvenile adjudication constituting the disability element in the weapons-under-disability cases, the juvenile adjudication for a sexually-oriented offense requires registration in its own right. The juvenile adjudication is not a penalty-enhancing element; it is an element of the crime of failing to register. *Buttery* at ¶ 20.

**{¶20}** Likewise, in *Young*, the Fourth District reached a similar conclusion with respect to R.C. §2950.05, the duty-to-notify statute under which Appellant was convicted.

**{¶21}** In *Young*, the Fourth District found that "[n]one of the language in [R.C. 2950.05(F)(1)] suggests that a juvenile adjudication constitutes an adult conviction." *Young* at ¶ 12. The court found that "the duty-to-notify provision does not equate a juvenile

adjudication to an adult conviction and it does not enhance the failure-to-notify penalty due to a prior juvenile adjudication." *Id.* Moreover, the court noted that "R.C. Chapter 2950, including the failure-to-notify provision, reflects a legislative policy decision that individuals labeled as juvenile sex offenders pose an increased risk to public safety and that requiring these individuals to comply with the registration and notification provisions attempts to minimize that risk." *Id.* at ¶ 13, citing R.C. §2950.02 and *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, 48 N.E.3d 516, ¶ 36. Accordingly, the court concluded that the defendant's "failure-to-notify conviction [did not] obviously violate[ ] his due process rights." *Id.* at ¶ 16.

**{¶22}** The Third District agreed with the First and Fourth Districts' analyses, finding that R.C.§ 2950.05 clearly does not treat a juvenile sex-offense adjudication as an adult conviction. Instead, a person's duty to provide notice of a change of address can arise from either a juvenile sex-offense adjudication or an adult conviction. *State v. Shazier*, 3rd Dist. Logan No. 8-19-12, 2019-Ohio-4409, ¶¶ 14-17

**{¶23}** Based on the foregoing, we conclude that use of a prior juvenile sex-offense adjudication as an element of a failure-to-provide-notice-of-change-of-address offense is not barred. Therefore, we conclude that Appellant's constitutional rights to due process were not violated when the trial court accepted his guilty plea.

**{¶24}** Appellant's third assignment of error is overruled.

**{¶25}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0317